UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>RODNEY CYDRUS<br><br>      Defendant. | CASE NO. 1:17-cr-00027<br><br>JUDGE MICHAEL R. BARRETT<br><br>Government's Memorandum in Opposition to Defendant's Motion to Suppress Statements |

      Defendant Rodney Cydrus has filed pro se a motion to suppress his statements to law enforcement relating to the allegations in the Indictment, as well as for a production of such statements.  (R. 14, Motion)

      The Defendant was interviewed on two occasions pertaining to the underlying incident. He was interviewed on January 26, 2017 by an FBI agent and a Task Force Officer at the Lebanon Correctional Facility.  He was also interviewed on January 27, 2017 by two agents of the United States Secret Service at the Lebanon Correctional Facility.  He was mirandized on both occasions.  Copies of the memoranda of the interviews have been provided to the Defendant in discovery.  The government has also provided a copy of the Miranda acknowledgement form that Mr. Cydrus signed before the FBI interview.  A copy of that form is attached as Exhibit A. Mr. Cydrus admits in his motion that he signed the waiver form.

      In the motion, Defendant Cydrus complains that there was no recording device and he was not asked to sign a written statement at the conclusion of the interview.  Mr. Cydrus also complains about certain questions that were not asked.  Finally, Mr. Cydrus claims that he is on

psychotropic medication, but he does not clarify if that impacted the interview or the actual sending of the letters.

The question of whether a confession accords with due process is "the test of voluntariness." *Culombe v. Connecticut,* 367 U.S. 568, 602, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961). The issue is "whether a defendant's will was overborne at the time he confessed." *Reck v. Pate,* 367 U.S. 433, 440, 81 S.Ct. 1541, 6 L.Ed.2d 948 (1961). To determine whether a defendant's will was overborne, a court must examine "the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

As stated by the Sixth Circuit, relevant factors include: (1) the duration and conditions of detention; (2) the repeated and prolonged nature of the questioning; (3) the use of physical punishment; (4) the defendant's physical and mental state; (5) the youth of the defendant; (6) the defendant's lack of education or low intelligence; and (7) the lack of any advice to the defendant on his constitutional rights. *Evans v. Booker*, 461 F. App'x 441, 443–44 (6th Cir. 2012), *citing*, *Withrow v. Williams,* 507 U.S. 680, 693–94, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993); *Bustamonte,* 412 U.S. at 226, 93 S.Ct. 2041.

A confession is much more likely to be voluntary when it is given after a person knowingly and voluntarily waives his *Miranda* rights. *McCalvin v. Yukins*, 444 F.3d 713, 721 (6th Cir. 2006)

There is no requirement that a statement must be recorded to be admissible. There is also no requirement that a person sign a written statement at the conclusion of an interview. The absence of a recording or written statement is not relevant to the voluntariness of a confession, and therefore is not a proper basis to suppress a confession.

The only question is whether the Defendant can make some evidentiary showing that his medication at the time of the interviews – whatever that may have been – somehow impacted the voluntariness of his statements. That is his burden. The Court (but not the government) has the Defendant's medical records from the Lebanon Correctional Facility. However, the observations of the law enforcements agents did not indicate any concern with Defendant's Cydrus's ability to understand the questions and voluntarily provide responses. Given that the voluntariness of the statements is a mixed question of law and fact, the government is willing to present the testimony of the agents at a hearing. The government would want to offer the agent's observations of the Defendant's behavior during the interview to provide the Court with the full context of the statements. Based on the information available to the government, there is no basis for suppression of Defendant Cydrus' interviews. The government asks that the Defendant's motion be denied.

Respectfully submitted,

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

By: s/ Timothy S. Mangan
TIMOTHY S. MANGAN
Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, OH 45202
Tel: (513) 684-3711
Timothy.mangan@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on June 15, 2017.

/s/ Timothy S. Mangan
Timothy S. Mangan
Assistant United States Attorney

3